UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-126 |
| vs. | : | Judge Timothy S. Black |
| DENNIS HICKS, | : | |
| Defendant. | : | |

### ORDER GRANTING THE GOVERNMENT'S
### MOTION FOR ENTRY OF A TRANSPORT ORDER

This criminal case is before the Court on the Government's motion for entry of a transport order (Doc. 28) and the parties' responsive memoranda (Docs. 29, 30).

On July 19, 2016, this Court issued a written order granting Defendant's renewed motion for a competency evaluation. (Doc. 27). Specifically, the Court's order stated:

> Defendant SHALL be <u>committed to the custody of the Attorney General, for placement in a suitable Bureau of Prisons ("BOP") facility, for a reasonable period, in order to undergo a mental competency examination</u>, and for the preparation of a psychiatric or psychological report, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

(Doc. 27 at 2) (emphasis added). As the Government notes, the Court's order addresses the issue of "placement" in a suitable facility (*i.e.*, designation), but does not expressly order that Defendant be transported to the examination facility.

On August 5, 2016, Defendant was designated to FMC Lexington for his evaluation and his transport was scheduled for the following week. However, on August 11, 2016, the Court was notified via email by the U.S. Marshals that "[d]ue to FMC Lexington vehicle mechanical problems, [Defendant's] transport is rescheduled for next

week on August 17th."  Given the relatively short distance, Defendant will likely arrive at FMC Lexington on the day of transport.

The issue presented at the core of the Government's motion for a transport order is whether the delay in transport runs afoul of Defendant's speedy trial rights.  (Doc. 28).  Specifically, "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," as well as "delay resulting from transportation of any defendant … to and from places of examination or hospitalization," is <u>automatically</u> excludable from the speedy trial computation.  18 U.S.C. § 3161(h)(1)(A), (F); *see Henderson v. United States*, 476 U.S. 321, 327 (1986).  However, the automatic exclusion of time for transportation delays under § 3161(h)(1)(F) is limited, such that "any time consumed in excess of ten days <u>from the date [… of] an order directing such transportation</u>, and the defendant's arrival at the destination <u>shall be *presumed* to be unreasonable</u>."  (Emphasis added).

This Court is all too familiar with the difficulties arising from the statutory time constraints imposed upon BOP-conducted competency evaluations.  The Sixth Circuit has addressed these difficulties, stating:

> [A]fter a ten-day delay, § 3161(h)(1)(F) establishes a *presumption* of unreasonableness, not a conclusion of unreasonableness.  If legitimate problems arise in transporting a defendant, the government legitimately may rebut the presumption. [Further,] the order directing examination need not direct transportation.  If the government fears that a defendant's placement could take some time, it is free to suggest that the court not issue an order directing transportation at that point.  Nothing in the statute forbids giving the government some time (though presumably not unlimited time) to find a placement before issuing an "order

2

> directing ... transportation." [Also,] our holding limits only automatic exclusion under § 3161(h)(1), not the ends-of-justice continuances that courts may grant under § 3161(h)(7).

*United States v. Turner*, 602 F.3d 778, 785 (6th Cir. 2010) (citing *Bloate v. United States*, 559 U.S. 196, 214 (2010)) (emphasis in original).

Here, the Court ordered that Defendant "be committed to the custody of the Attorney General, for placement in a suitable Bureau of Prisons ("BOP") facility, for a reasonable period, in order to undergo a mental competency examination." (Doc. 27 at 2). Moreover, the Court specified that the delay resulting from the competency evaluation is to be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A). (Doc. 27 at 3). However, the Court did not address the issue of transport and, indeed, was not called upon to do so until August 12, 2016, when the Government filed its motion for entry of a transport order.

The Court finds that the entry of an order of transport is appropriate. Contrary to Defendant's assertion, the need for the order is not obviated by the fact that transport has been arranged, as the intent of the transport order is not merely to direct the U.S. Marshals but also to address the Government's request for a ruling as to the status of the speedy trial clock in light of the unforeseen transportation delay. As the Speedy Trial Act states specifically, and as the Sixth Circuit has recognized, the ten-day transportation period begins when the Court enters "an order directing such transportation." 18 U.S.C. § 3161(h)(1)(F); *Turner*, 602 F.3d at 785. Thus, the ten-day transportation period in the instant case shall run from the date of this Order.

Moreover, the Court reiterates that "after a ten-day delay, § 3161(h)(1)(F) establishes a *presumption* of unreasonableness, not a conclusion of unreasonableness." *Turner*, 602 F.3d at 785.  Here, the presumption is rebutted by the fact that the relatively short delay in transport is attributable to mechanical problems with the transport vehicle, which problems were unforeseen and outside of the Government's control.

Finally, the competency evaluation was ordered in response to defense counsel's repeated requests and in light of Defendant's own outburst at his trial.[1]  Accordingly, the Court fails to see how the ends of justice would be served by declining to accommodate the Government, the U.S. Marshals, and the BOP, in their efforts to effectuate this Court's orders.

Accordingly, the Government's motion for entry of a transport order (Doc. 28) is **GRANTED** and Defendant Dennis Hicks **SHALL be transported within ten (10) days of this Order** to FMC Lexington to participate in a competency evaluation, as previously ordered by the Court.  Should additional time be required to effectuate transport, the Government is granted leave to seek an extension of time.

**IT IS SO ORDERED.**

Date:  August 16, 2016                                      *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge

---

[1] The Court has stated on multiple occasions and in no uncertain terms that it believes Defendant's conduct is not the byproduct of a mental disease or defect but rather Defendant's own willful attempt to delay these proceedings.

4